## THE SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK.

IN MAY TERM, 1822, BEING THE FORTY-SIXTH YEAR OF OUR INDEPENDENCE.

MEMORANDUM.—During the last vacation, Mr. Justice VAN NESS resigned his office of a Judge of this Court.

---

The *Overseers of the Poor of the Town of* MARBLETOWN *against* The *Overseers of the Poor of the Town of* KINGSTON.

THIS cause was submitted to the Court, by the counsel for the parties, without argument, upon the following case: The cause came before the Court of Sessions of *Ulster* county, in *April*, 1821, on an appeal from the order of two Justices, removing a pauper from the town of *Kingston* to the town of *Marbletown*. The Court of Sessions dismissed the appeal, and confirmed the order. The facts were these: *Francisca*, the mother of the pauper, was born in 1800, in the town of *Marbletown*, of parents who were slaves, in the house of *J. H. Hasbrouck*. Her master, according to the then existing law, on the 10th of *December*, 1801, abandoned her to the overseers of the poor of *M. Francisca* went with her mother to *Rochester*, and thence to *New Paltz*, and about low the condition of their free mother, as to their civil rights; and the custody and control of them during infancy belongs to the mother, as if the father were dead; and the settlement of the children belongs to the town in which the mother had her last legal settlement, without regard to her slave husband.

*Marriages, where one or both of the parties are slaves, are, by the statute, (2 N. R. L. 201. sess. 36. ch. 88.) legal, and the issue legitimate. Where the wife is a free woman, and the husband a slave, the latter is not emancipated, nor the former enslaved, by the marriage; and the children of such a marriage fol-*

VOL. XX.

NEW-YORK,
May, 1822.

OVERSEERS
OF MARBLE-
TOWN
v.
OVERSEERS
OF KINGSTON.

four years since, her grandmother purchased her time, and she came to reside with her at *Kingston*. In 1817, she married the slave of *H.*, residing at *K.* By her husband, she had a child, named *Dinah*, born in *K. Francisca* and her husband cohabited together, as husband and wife, until her death, which happened soon after the birth of *Dinah*, and about a year ago. The husband of *F.*, during all the time of their marriage, and ever since, resided with his master, an inhabitant of *Kingston*. After the death of her mother, *Dinah* became a town charge, and was removed from *K.* to the town of *M.*, as the place of her last legal settlement. The question was, whether the settlement of the pauper was in *K.*, by virtue of the marriage of her mother in *K.*, or by birth, or otherwise?

PLATT, J. delivered the opinion of the Court. This is a case made on an appeal by the overseers of the poor of *Marbletown* against the overseers of *Kingston*, in the General Sessions of *Ulster* county. The facts are, that *Francisca*, the mother of the pauper in question, was born of slave parents, in the town of *Marbletown*, in 1800; and in 1801, pursuant to the 10th section of the act of the 8th of *April*, 1801, (1 *K. & R.* ed. 616.) she was regularly abandoned by her master to the overseers of that town, and thereby she became a free pauper of that town, with power in the overseers to draw her support from the state treasury, &c. In 1817, she went to *Kingston*, and was there married to a *slave*, residing with his master, Mr. *Hasbrouck*, an inhabitant of that town, by which slave she had a child, *Dinah*, the pauper in question. The mother died at *Kingston*, leaving her husband living, and who still lives with his master. *Dinah* was removed by order of two Justices to *Marbletown*, as her place of settlement, from which order there is an appeal; and we are called on to advise and instruct the Sessions. It is clear, that by force of the statute of 1801, the *mother* was a pauper of *Marbletown*, and the child, *Dinah*, would follow the condition of the mother, unless her marriage with a slave in *Kingston* makes a difference in the case.

The "act concerning slaves and servants," (2 *N. R. L.* 201. s. 2.) declares, that all marriages, where one or both of the

parties are slaves, are equally valid as though the parties were free, and their issue is declared to be legitimate. But there is a proviso, that it is not to operate as an *emancipation.* It is a rule, that children follow the condition of the mother, where both parents are slaves, and *a fortiori,* it ought to be so where the mother is *free* and the father a *slave.* I understand the object of this statute to be merely to legalize marriages between such unequal parties, and to render their offspring legitimate; and I cannot admit that by such a marriage, a *free wife* subjects herself to the custody and control of the *slave husband.* The general law of *baron and feme* cannot apply to such a case. The husband is not *emancipated,* nor is the wife *enslaved,* by such a marriage. I am inclined to listen to the suggestions of policy and humanity, which I think dictate the rule, that the children of such marriages shall follow the condition of the *free mother,* as to all their civil rights and duties, and that she shall have the exclusive custody and control of them, as though their father were dead; and in reference to the settlement of paupers, I think the most consistent rule will be, to consider the children of such marriages as belonging to the town in which the mother had her last legal settlement, without any regard to her *slave husband.* We are therefore of opinion, that the order of the Justices for removing the pauper to *Marbletown* ought to be affirmed.

Order of Sessions affirmed.